UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROCKPORT WHALE WATCH, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 07-148-P-H |
| | ) | |
| VAUGHAN HAWLEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM DECISION ON *EX PARTE* MOTION FOR ATTACHMENT

The plaintiff, Rockport Whale Watch, Inc., seeks an attachment, including attachment on trustee process, in the amount of $250,000 against the property of the defendants, Vaughan Hawley and Ann M. Stickney. *Ex Parte* Motion Pursuant to F. R. Civ. P. 64 to Attach Real Estate and Personal Property, etc. ("Motion") (Docket No. 3) at 1. The complaint alleges that the defendants were the recipients of a fraudulent transfer of property in violation of Maine and Massachusetts law (Count I) and engaged in unfair and deceptive practices in violation of Massachusetts law (Count II). Complaint (Docket No. 1) at 3-5. I deny the motion.

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by . . . affidavits meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id.* (i). Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court,

1

and only upon a finding that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond or other security shown to be available to satisfy the judgment. *Id*. (c).

## Background

The plaintiff bases its argument on the following facts, for which it has submitted evidentiary support.

Judgment in the amount of $85,000 with prejudgment interest accruing from February 23, 2000 was entered against Rockport Schooner Company, Inc., Vaughan Hawley and Ann Stickney in favor of the plaintiff on or about March 26, 2003 in Essex Superior Court in Massachusetts. Affidavit of Robert S. Wolfe in Support of *Ex Parte* Motion Pursuant to Fed. R. Civ. P. Rule 64, etc. ("Wolfe Aff.") (Attachment 3 to Docket No. 3) ¶¶ 2-3 & Exh. 1 thereto.  Stickney and Hawley owned and controlled Rockport Schooner Company, Inc. Wolfe Aff. ¶ 4. The lease underlying the judgment concerned Unit #9 of Tuna Wharf Condominium owned by Nine Tuna Wharf Realty Trust of which Stickney and Hawley were the trustees and equal beneficiaries. *Id*. ¶ 5(a). The face of the wharf was owned by Rockport Schooner Company, Inc. *Id*. ¶ 5(b). When prejudgment interest was added to the principal of the judgment, the amount due, exclusive of costs, was $116,450. *Id*. ¶ 6. There was no insurance coverage to satisfy this judgment. *Id*. ¶ 7.

On May 15, 2003 Rockport Schooner Company, Inc. sold a portion of its interest in Tuna Wharf to a third party. *Id*. ¶ 8. On June 9, 2003 the defendants encumbered 10 Tuna Wharf with a home equity line of credit in the amount of $85,000. *Id*. ¶ 9 & Exh. 3 thereto. On or about November 4, 2003 the defendants, individually and as trustees of the Nine Tuna Wharf Realty Trust, and Rockport Schooner Company, Inc. entered into an agreement to sell units 9, 10 and P-7 of the Tuna Wharf Condominium Association to a fourth party for $810,000. Wolfe Aff. ¶ 10 & Exh. 4 thereto.

On November 17, 2003 the defendants as trustees established the Tuna Wharf Holding Trust. *Id.* ¶ 11. For consideration of $1.00, the defendants and Rockport Schooner Company, Inc. thereafter conveyed to the defendants as trustees of the Tuna Wharf Holding Trust all of their right, title and interest in the condominium, easements and license that were the subject of the lease to the plaintiff. *Id.* ¶ 12. The defendants then resigned as trustees and Douglas Keith was substituted as sole trustee. *Id*. The defendants filed a trustees' certificate in connection with the sale in which they stated under oath that, to their knowledge, "there are no monetary obligations that have been incurred by the Trustees on behalf of the Beneficiaries of the Trust that have not been paid when due[.]" *Id.* ¶ 14. This document was executed while the judgment against Rockport Schooner Company, Inc. and the defendants was outstanding. *Id.* ¶ 15.

The transfers by Rockport Schooner Company, Inc. and the defendants rendered Rockport Schooner Company, Inc. unable to satisfy the outstanding judgment. *Id.* ¶ 13.

On May 21, 2007 the Massachusetts Appeals Court affirmed the judgment against Rockport Schooner Company, Inc. and the defendants. *Id.* ¶ 16. The case was remanded to the Superior Court. *Id*. ¶ 17. On July 25, 2007 that court issued an amended judgment against Rockport Schooner Company, Inc. only, in the amount of $160,704.22. *Id*. Only July 30, 2007 the plaintiff appealed that portion of the amended judgment that vacated the judgment against the defendants in this action. *Id.* ¶ 18. On August 2, 2007 Rockport Schooner Company, Inc. appealed that portion of the amended judgment that awarded interest during the period of the appeal when the plaintiff was in bankruptcy. *Id.* ¶ 19.

Counsel for the plaintiff is not aware and has no reason to believe that any insurance, bond or other security is available to satisfy any judgment against the defendants in this action. *Id.* ¶ 21.

**Discussion**

The plaintiff contends that the Wolfe affidavit "contains specific facts . . . to warrant the required finding of recovery of the amount requested." Motion at 5-6. Assuming *arguendo* that the affidavit provides sufficient facts to allow the plaintiff to proceed *ex parte* with this request, *see Herrick v. Theberge*, 474 A.2d 870, 875-76 (Me. 1984), the affidavit is insufficient with respect to the substantive aspects of the request for an attachment.

Count I of the complaint asserts, *inter alia*, a claim under the Uniform Fraudulent Transfer Act as it has been adopted in Maine. Complaint ¶ 17 & Exh. 1. That Act, in relevant part, provides that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay or defraud any creditor of the debtor[.]" 14 M.R.S.A. § 3575(1)(A). In determining actual intent, the Act allows consideration of, *inter alia*, whether the transfer was to an insider, the transfer was of substantially all the debtor's assets, the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred, the debtor became insolvent shortly after the transfer was made, or the transfer occurred shortly after a substantial debt was incurred. 14 M.R.S.A. § 3575(2). An "insider" includes a director of the debtor, a person in control of the debtor and an affiliate of the debtor. 14 M.R.S.A. § 3572(7). An "affiliate" includes a corporation 20% or more of whose outstanding voting securities are owned or controlled by a person who owns or controls 20% or more of the outstanding voting securities of the debtor. 14 M.R.S.A. § 3572(1)(B). The Act also includes the following definition: "A transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and . . . the debtor became insolvent as a result of the transfer[.]" 14 M.R.S.A. § 3576(1).

The information provided in the Wolfe affidavit may well establish that a fraudulent transfer occurred. What it does not establish is that either of the defendants in this action is currently a debtor as to the plaintiff; only Rockport Schooner Company, Inc. has been shown to be a debtor. While both of the defendants might have been classified as debtors at the time the transfers at issue were made, they are not currently "liable on a claim" to the plaintiff. 14 M.R.S.A. § 3572(6). The memorandum of decision accompanying the operative order of the Massachusetts court, entitled "Amended Judgment on Jury Verdict," makes clear that the judgment initially appealed was "filled with clerical errors," and that the trial court "easily conclude[d]" that the original judgment should only have run against Rockport Schooner Company, Inc. Amended Judgment on Jury Verdict and Memorandum of Decision on Plaintiffs' and Defendants' Motions for Amended Judgment, etc. (Exh. 9 to Wolfe Aff.) at 1-3. Therefore there was no judgment against Hawley and Stickney which made them debtors as to the plaintiff at any time, because the initial judgment that could have been read to do so was invalid. *See Metivier v. Metivier*, 582 A.2d 971, 972 (Me. 1990) (order to enforce invalid judgment itself invalid).

The Uniform Fraudulent Transfers Act provides for remedies in the form of execution on the asset transferred, 14 M.R.S.A. § 3578(2), of avoidance of the transfer to the extent necessary to satisfy the creditor's claim, a provisional remedy against the asset transferred or other property of the transferee or equitable relief, or "[d]amages in an amount not to exceed double the value of the property transferred," 14 M.R.S.A. § 3578(1). The problem here is that the plaintiff in this action seeks attachment only against property owned by the individual defendants, not the property transferred or other property of the transferee or transferees. Section 3578 cannot be read to authorize any remedy against the individual owners of a corporate debtor whose assets have been transferred to a third party, in this case a trust created by the individual owners of the debtor. The plaintiff has made

5

no effort, indeed has not mentioned the need, to pierce the corporate veil under the circumstances of this case, in order to reach property of the individual defendants. *See generally United Paperworkers Int'l Union v. Penntech Papers, Inc.*, 439 F. Supp. 610, 618-19 & n.7 (D. Me. 1977). It has made no showing that the property allegedly fraudulently transferred no longer has sufficient value to satisfy the plaintiff's judgment or cannot be reached in any of the ways authorized by section 3578. Accordingly, the plaintiff is not entitled to an attachment on the basis of its claim under Maine law, on the showing made.

With respect to the plaintiff's claims under Massachusetts law, Count I cites the Massachusetts version of the Uniform Fraudulent Transfers Act, Mass. Gen. Laws ch. 109A. Complaint at 3-4; Mass. Gen. Laws ch, 109A, § 1. The Massachusetts Act includes definitions identical to those quoted above from the Maine Act. *Id*. § 2. The definition of a fraudulent transfer is essentially the same. *Id*. §§ 5, 6. Tellingly, the available remedies are even more limited than those available in Maine; there is no provision for recovery of double damages. *Id*. § 8. Likewise, there is no provision for recovery against the individual property of the owners of a corporate debtor or the trustees of the recipient of a fraudulent transfer. The same result obtains; the plaintiff is not entitled to attachment against the property of Hawley and Stickney on Count I, on the showing made.

Count II asserts a claim under Chapter 93A of the Massachusetts general laws. Complaint at 5. The title of that chapter is "Regulation of Business Practices for Consumer[] Protection." Mass. Gen. Laws ch. 93A. The chapter makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id*. § 2(a).[1] A person injured by another person's use of a method, act or practice "declared to be unlawful" under Chapter 93A may bring an

---

[1] To the extent that plaintiffs seek relief under section 2 through a class action arising from the sale or purchase of stock, this statute was recently held to be preempted by the federal Securities Litigation Uniform Standards Act. *In re Federal Nat'l Mortgage Ass'n Sec., Derivative, & ERISA Litig*., __F.Supp.2d __, 2007 WL 2248037 (D.D.C. July 31, 2007), at *3. This ruling does not appear (*continued on next page*)

6

action in court, but only after serving a written demand for relief at least 30 days before filing any such action. *Id*. § 9. The plaintiff does not cite case law or any Massachusetts regulation that defines "unfair or deceptive acts or practices" within the scope of section 2 of Chapter 93A in a way that would include the alleged actions of the defendants in this case. The general definitions used in the state regulations certainly do not suggest that the regulations would extend to the actions alleged here. 940 Mass. Code Regs. 3.01 (2007). In any event, the sending of a demand letter as required by Mass. Gen. Laws ch. 93A § 9 is a necessary prerequisite to suit on this claim and "as a special element must be alleged and proved." *Lindblad v. Holmes*, 2004 WL 3152376 (Mass.Super. Nov. 24, 2004), at *5 and cases cited therein. In the absence of any evidence that the plaintiff complied with this prerequisite, it has not shown that it is more likely than not to prevail on Count II of its complaint.

## Conclusion

For the foregoing reasons, the plaintiff's *ex parte* motion for approval of attachment and attachment on trustee process is **DENIED.**

Dated this 11th day of September, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

to affect the use which the plaintiff in this action attempts to make of the Massachusetts statute.