UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROCKPORT WHALE WATCH, INC.,  )<br>                                                      )<br>                  *Plaintiff*            )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>VAUGHAN HAWLEY, et al.,        )<br>                                                      )<br>                  *Defendants*       ) | Docket No. 07-148-P-H |

*MEMORANDUM DECISION ON EX PARTE MOTION FOR ATTACHMENT*

The plaintiff, Rockport Whale Watch, Inc., moves for a second time for an *ex parte* attachment on the real and personal property of the defendants, Vaughan Hawley and Ann M. Stickney. Renewed *Ex Parte* Motion Pursuant to F.R.Civ.P. 64 To Attach Real Estate and Personal Property, etc. ("Motion") (Docket No. 9). I denied the first such motion brought by the plaintiffs. Docket No. 6. Three months after that denial was docketed, the plaintiff filed an amended complaint, adding to the original complaint counts alleging fraud for which the corporate veil must be pierced in order to prevent injustice and unjust enrichment. First Amended Complaint, etc. (Docket No. 8), Counts III and IV. The instant motion was filed on the same day as the amended complaint. No service of either complaint has apparently yet been made on the defendants. I deny the renewed motion.

### I. Factual Background

The relevant facts alleged by the plaintiff in the amended complaint have not changed from those alleged in the initial complaint, and I will not repeat them here. Readers are directed to my September 11, 2007 order denying the first motion for attachment for a recitation of those facts. The amended complaint adds the relevant factual allegations that no demand letter was sent to the

1

defendants by the plaintiff and that the defendants' actions unjustly enriched them to the detriment of the plaintiff.  First Amended Complaint ¶¶ 26, 30.[1]

## II.  Applicable Legal Standard

Maine law, which is applicable to motions for pre-judgment attachment in this court, Fed. R. Civ. P. 64; Local Rule 64; *Ali, Inc. v. Fishman*, 855 F. Supp. 440, 442 (D. Me. 1994), provides that, in order for this court to grant an *ex parte* attachment,

> the Court must find that *it is more likely than not* that Plaintiff will recover an amount greater than any insurance, bond, or other security known to exist *AND either* that: (a) *there is a clear danger* that the Defendant, if notified in advance of the attachment, will remove or conceal the property *or* (b) there is *immediate danger* that Defendant will damage/destroy the property to be attached.

*Carlson v. Rice*, 817 F. Supp. 193, 194 (D. Me. 1993) (emphasis in original).

## III.  Discussion

With respect to the requirement that the plaintiff demonstrate either that there is a clear danger that the defendants will remove or conceal the property available for attachment or that there is an immediate danger that the defendants will damage or destroy the property to be attached, if notified in advance of the attachment, the plaintiff offers only the following, without citation to any record evidence:

> The defendants Vaughn [sic] Hawley and Ann Stickney have in the past demonstrated a willingness to strip Rockport Schooner Company, Inc. of its assets and misrepresent the status of Rockport Schooner Company, Inc.'s liabilities.

Motion at 5.  The plaintiff has not filed any affidavits with the renewed motion, choosing to rely instead on the affidavit filed with its first motion,[2] *id*. at 9, but the section of the motion entitled "Facts," at the end of which the citation to the affidavit appears, does not include any facts that would

---

[1] There are two paragraphs numbered 30.  This reference is to the second one.

allow a reasonable reader to conclude that there is a clear danger the defendants, if notified of this motion, would remove or conceal the property or that there is an immediate danger that the defendants would damage or destroy the property to be attached.

The sole sentence in the current motion that addresses the *ex parte* standard, set forth above, does not appear in the "Facts" section of the motion and mentions only the property of Rockport Schooner Company. It is the property of the two individual defendants that is at issue in this proceeding. Apparently, the plaintiff assumes that this court will conclude from the evidence it offers to the effect that the defendants stripped Rockport Schooner Company of its assets in order to put them beyond the reach of the plaintiff that the defendants will do something similar with their real estate and Hawley's boat when they become aware of this action. But that conclusion does not follow from the premise, and the plaintiff has certainly presented no evidence of a clear danger that the defendants will "remove or conceal" this property, much less of an immediate danger that they will "damage or destroy" it.

This court noted in *Carlson* that a plaintiff's sworn statement that she believed "that if notified of this lawsuit in advance, [the defendants] will transfer the property or remove the money from the state or will otherwise make it unavailable to satisfy a judgment," 817 F.Supp. at 194, was insufficient under the *ex parte* standard, *id*. at 195. "[T]here is no evidence that Defendants have begun to liquidate their holdings, nor is there any direct or circumstantial evidence that Defendants will likely try to do so." *Id*. The same is true of the record in this case. Indeed, the plaintiff waited three months after entry of my decision denying its first *ex parte* motion before bringing this renewed motion, which suggests, if anything, the opposite of the *ex parte* standard — the lack of a clear or immediate danger

---

[2] The current motion refers to "the interests of the defendants Vaughan Hawley and Ann M. Stickney in real and personal property described in Exhibits A and B attached hereto," Motion at 1, but there are no attachments to the motion. Exhibits A and B to the first motion for attachment describe real property located in Hope, Maine and a motor vessel owned by Hawley, Exhs. A & B to *Ex Parte* (*continued on next page*)

that the real estate or boat will be removed, concealed, damaged or destroyed in order to prevent the plaintiff from reaching it should it succeed on one or more of its claims against the defendants.

The plaintiff has failed to establish that the attachment it seeks should be granted *ex parte*. I need go no further.

### IV. Conclusion

For the foregoing reasons, the plaintiff's motion for an *ex parte* attachment is **DENIED.**

Dated this 18th day of December, 2007.

>   /s/ David M. Cohen
>   David M. Cohen
>   United States Magistrate Judge

---

Motion Pursuant to F.R.Civ.P. 64 to Attach Real Estate, etc. (Docket No. 3).